Good morning. Illinois appellate court first district court is now in session. The second division, the Honorable Justice Margaret S. McBride presiding, case number 23-1656, People v. Calandro Robinson. Good morning, counsel. My name is Margaret McBride, and along with justices Nathaniel House and David Ellis, we will be proceeding with the oral argument via Zoom. I will note that Justice Ellis is having some technical difficulty with his camera. So, but he is here. We're able to hear him and I believe you will be able to hear him with questions. So, just giving you a heads up on that. Each of you will have about 10 minutes to present oral argument and from that counsel for the appellant, Mr. Bendick will have time for rebuttal, but without proceeding with the oral arguments, could both of the attorneys now please identify yourselves for the record? Good morning, your honors and counsel. This is Chris Bendick from the state appellate defender's office for the appellant Calandro Robinson. Good morning. Good morning, your honors and counsel. Assistant State's Attorney James Stumpf for the people of the state of Illinois. Good morning, counsel. All right. Thank you for the introductions. With that, we're going to begin with Mr. Bendick. So, you may proceed, counsel, with your opening remarks. And again, you'll have about 10 minutes and do you want to save some time for rebuttal? A few minutes for rebuttal, your honor, that's all. And I just want to thank this court and counsel for being amenable to my medical situation. Thank you very much for doing that. It's very appreciated. Thank you. Oh, Mr. Bendick, I'm sorry. Forgot one other thing. I ordered some supplemental briefing. And there were two cases that we suggested that there be briefing on. I want to alert you both now that you do not need to spend any time on those two cases, and the reason being that it is most probable that the level of assistance is reasonable. The reasonable level of assistance for post-conviction counsel. So, I don't want you to be going off on that. I know the briefing was something we thought necessary at the time. However, we have concluded that we don't need for either of you to wander off into that discussion. So, with that, you may begin. Sounds like a plan. May it please the court. Good morning, your honors and counsel. My name, again, is Chris Bendick from the State Appellate Defender's Office, representing the appellant, Kalondra Robinson. When the state filed this motion to dismiss Mr. Robinson's successive post-conviction petition that had been given leave to file by the circuit court, the state asserted it is well-settled law that as a pro se litigant petitioner, it's held to the same standard as a licensed attorney. That unambiguous standard says that pro se litigants and attorneys alike are presumed to know the law. As written in the petition, and without further development, the cause asserted by Robinson for his successive filing legally cannot make a substantial showing of cause under decades of controlling precedent. Facing those facts and the state's motion to dismiss, post-conviction counsel here could have provided reasonable assistance by doing one of two things. Amend the petition to allege cause that could meet the second-stage standard of a substantial showing, or two, file a motion to withdraw the people via Cooner. Where post-conviction counsel did neither, he performed unreasonably, and because unreasonable assistance can never be harmless, remand for further second-stage proceedings with new counsel is required. As a starting point, the circuit court unambiguously granted Robinson leave to file his successive petition alleging ineffective assistance of trial counsel. Because the circuit court granted Robinson leave to file his petition, he was to provide to counsel who needed to comply both with Rule 651C, along with providing Robinson reasonable assistance. Unfortunately, counsel failed those duties to make amendments to Robinson's petition that were necessary for an adequate presentation of his contentions. Here, that analysis focuses squarely on the cause element of successive petition. The cause and prejudice test remains applicable to all three stages of the post-conviction proceedings, and the state may seek dismissal of the petition based upon the petitioner's failure to meet either prong at the second or third stage. And while post-conviction attorneys need not anticipatorily rebut such a defense by the state, once the state has raised such a defense like it did here, it is incumbent upon post-conviction counsel to fix the procedural defect in the petition. Robinson's alleged cause for a successive petition here was, quote, petitioner did not learn of legal basis for claim until told so by a paralegal on July 1, 2014. Now, as I mentioned earlier in my opening statement, Illinois Supreme Court precedent for decades rejects that such an allegation can meet cause. Now, faced with an alleged cause that could never meet second-stage standards to advance to an evidentiary hearing on Robinson's substantive claim regarding incorrect advice by trial counsel, post-conviction counsel needed to amend the petition of alleged cause that could meet that second-stage standard to advance the hearing. But if counsel could not, for some reason, amend Robinson's petition to attempt to meet that standard, controlling case law demanded that counsel file a motion to withdraw. Cooner addressed the situation like Robinson's case, where a petition that is advanced on the merits of the second stage, but is found to be legally frivolous at the second stage. The Illinois Supreme Court has reaffirmed this standard to post-conviction counsel's ethical duty to withdraw when there is no issue of merit in recent cases for Zua and Hawk. Where Robinson's post-conviction counsel did not amend the frivolous cause allegation nor file a motion to withdraw explaining why that cause was legally frivolous and has been for half a century, post-conviction counsel here failed to provide reasonable assistance. Post-conviction counsel's unreasonable assistance at this stage can never be harmless and requires remand for further second-stage proceedings in the appointment of counsel. If your honors have no further questions or any questions, we reserve the remainder of our time to rebuttal and ask this court to reverse the second stage dismissal of Robinson's petitions, remand for further second-stage proceedings, and appoint new counsel. Well, I think we will have some questions, so I will turn it over to my colleagues first. And Justice Huff, do you have questions you wish to ask? Yes, yes, I do. In Huff, the attorney, post-conviction attorney, apparently had a substantive claim he wanted to present, appendi, I guess it was. And, but there was a procedural impediment. And that, the reason that he says that it was untimely, I think it was raised, it was a motion to dismiss the petition as untimely, and the excuse that the petitioner presented was that the sentence is void. Now, I think it's well established that that sentence is not void, but the court looked at it and said that, well, the appendi claim is not frivolous. Therefore, counsel is not unreasonable in presenting that appendi claim, even though there may have been a procedural impediment. Now, I'm looking at your representation in this case. You are presenting a substantive claim of ineffective, unreasonable assistance, but underlying all that is a claim which you yourself said is frivolous, because it can't be established. And you haven't suggested any other, I mean, what cost, you know, this is his third, he had a 1401 petition, another previous post-conviction. I mean, you're presenting something that's frivolous. If we send this back, what's going to happen? You got to say what? You've already said that it's frivolous. Yeah. And just to address the frivolous aspect, I've never stated that his substantive claim is frivolous. So the aspect here that is, cannot meet the second stage standard, which, you know, this court just recently in Hartsfield discussed the difference between making a prime facious standard that's showing versus the substantial showing. So at the leave the file stage here, the court clearly granted that and found the cause and prejudice met that standard. Of course, at the second stage, there's this higher bar, the state alerted everyone, hey, ignorance of the law can never be caused, right? And that's the aspect we're discussing here. And I turn this court's attention to paragraph 30 of People v. Huff. And in People v. Huff, the issue there was that, you know, that this has been raised previously, the apprendee claim. And the argument there was maybe not the strongest claim, but they've alleged that there have been new case law, that there have been a new case that got around this procedural defect that gets us around, that gets us to the substantive claim, right? And that's why there was no unreasonable assistance in Huff. However, we have the situation where- Okay, but the claim has also been returned timely. My understanding of Huff is that the reason it was affirmed by the Illinois Supreme Court is that on lack of, or it was reasonable assistance, as opposed to unreasonable assistance, is because there had been a change in law that allowed counsel to present this argument. And therefore, counsel was not unreasonable for relying on this change of law argument. Now here- You're correct about that, but the objection was also that it was untimely. And the excuse for the untimeliness was that, well, it's void. And that's the thing, that's the tripping point I'm talking about. The court said, well, as long as the apprendee argument was halfway reasonable, we're going to overlook this procedural step. And, you know, you're doing the same thing. You're saying, okay, I got a good unreasonable PC case, and I know down below I'm going to have a problem because, you know, this is the third or fourth time this guy has come after this case and has never raised this issue. And what are you going to do with it if we see the case your way and send it back? Shouldn't this be decided as Huff was decided by saying, yeah, well, the substance claim is okay, but, you know, you never know what's going to happen procedurally. After all, he did get a leave to file once before. You never know what a court is going to find on that procedural issue. Shouldn't it be decided as Huff? What would is that here we have one, you know, I don't think anyone's debating that the cause here doesn't meet the second stage standard, right? That it's been for 50 years, ignorance of the law cannot meet that standard. But in Cooner, the Illinois Supreme Court made it clear and then reaffirmed this aspect in both Huff and in Urzula that where counsel knows, and we, you know, that's why I was known, all attorneys and pro se petitioners alike are presumed to know the law. And in Urzula, that is specifically italicized in that case, that if you know, then you have an ethical duty to file a motion of withdrawal. And that's, I think you've identified something, Justice House, that we're kind of left here guessing as to maybe some potential cause here that's off the record that we don't know. We don't know about any discussions that might've happened. And this proper process here, when counsel is faced with legally frivolous, you know, cannot meet the second stage standard cause, he has an ethical duty and that ethical duty is reasonable assistance to file a Cooner motion and explain to the court. I got one more question. Yeah. One more question. I want to go right back to Huff because they did raise this question of time limits. And I believe everybody can agree that that sentence that he got was not void and every lawyer knew that was not void. And so couldn't it be argued? Yeah, well, the same thing, but the Huff court said, well, although every lawyer should have known about that the sentence was not void, we're not, we're going to overlook that untimeliness. And we're not going to say it's unreasonable because the appendi claim itself was, we consider it to be not frivolous. And in this case, the performance of trial counsel, if the allegation petition is true, it's not frivolous. Although there may be some underlying procedural issues, the counsel said, well, I'm going to present the best argument I can for this guy. And it shouldn't be decided itself saying, well, we got a meritorious argument here regarding performance of trial counsel. We may have a procedural impediment, but we let it go. We won't say that the counsel was unreasonable. So just in, in regards to reasonable systems and that analysis, the only way that counsel here could have provided reasonable assistance, you know, let's put aside that the substantive claim probably should have advanced to an evidentiary hearing if cause was met. I think based on the state's concessions and their documents that that raises at least a factual issue that we need to elicit at a hearing. So let's turn to the procedural aspect. And if, as everyone agrees, this cause aspect cannot meet the second stage standard, at that point, even counsel doesn't in his conclusion have to say, and the substantive issue is frivolous. He just has to identify, I can't meet cause here. You need to let me withdraw. And the import of Cooner is, you know, the case isn't over at that point. I think everyone kind of glosses over that sometimes with these motions to withdraws. What happens thereafter is either the defendant proceeds pro se or hires new counsel. That may be that prior counsel couldn't. That's why we do this. We make, I think the, the Cooner aspect of this is really important for this court to understand is that it makes a record for everyone. It identifies and it actually will help this court going forward and other courts of review. If we make a clean record and say, Hey, the issue that's here that I can't even go forward on is the cause aspect. Okay. And the reason why is X, Y, and Z. The circuit court analyzes that motion, determines whether counsel can withdraw. And if they do at that point, then as I identified, and it's the Illinois Supreme Court identified in Cooner that you get either to hire new counsel or proceed pro se. But that didn't happen here, nor did counsel amend the petition to allege some sort of cause to get around the ignorance of the law aspect. And so, because of that, counsel was unreasonable. Justice Ellis, do you have some questions? Yes, I do have a couple. Thank you, Justice McBride. Good morning, Mr. Bendick. Good morning, your honor. Appreciate your presentation. I'm sorry. I can't be with you by video, but I'm trying to understand where your argument leads. Your position is that post-conviction counsel cannot just stand on a pleading that they know to be frivolous, that they must withdraw. That's your position? Or amend the petition to allege something that's not frivolous, or that can meet the second stage standard, or at least arguably meet the second stage standard. Sure. Okay. Sure. Are you aware in this case from the record of any basis that the attorney could have come up with to have established a legally viable cause? No, your honor. And that's why the Cooner motion is so important for this court, for both opposing counsel and myself, is that we're kind of left guessing, is there something out there? Because the way that this is worded in the petition, this might have been why it was granted leave to file, because that's just a prima facie showing, right? Versus the substantial showing at the second stage. And it's not learned the legal base of the claim and told so by a paralegal on July 1st, 2014. Now that may be leaked. Maybe there's some factual stuff that might be off the record that we don't know about because no Cooner motion was filed. Maybe he was told by trial counsel, oh, this wasn't even a claim or something like that. We just don't know. And that's the problem when we don't follow the process that the Illinois Supreme Court has had out there for a decade in Cooner. Okay. When counsel filed the 651C affidavit, don't we presume that counsel looked for anything that could be out there that could turn a faulty argument for cause into a viable one? And if the amendments after that investigation, don't we assume that it doesn't exist? Correct, Your Honor. And that's why the Cooner motion is so critical here is that we're left guessing. And the Cooner motion is the way for counsel to provide assistance in this situation. And in fact, it is so clear cut as to the cause aspect here. I mean, I don't understand why counsel here did not file that motion to explain to the court, hey, we've got a possibly meritorious substantive claim, but this cause, I've got nothing. And I have to file this Cooner motion and abide by the Illinois Supreme Court's edicts in Cooner, in Urzula, and in Huff. Well, Huff said that they decided not to decide the question of whether counsel can stand on a split and didn't decide it, right? Well, the quote from Huff, in fact, is, our hypothetical and Grish suggest that if appointed counsel knows that a petitioner's claims were frivolous or patently without merit, then counsel has an ethical duty to withdraw. Now, in Huff, they found that counsel there did not know because, in fact, he was arguing that there had been a change in law, right? But here, we know that both pro se litigants and attorneys alike know that ignorance of a law can never be caused and has not been caused for 30 years. Sure, but I thought that Huff said, I think that this, I believe I'm quoting Huff at paragraph 16, we find it unnecessary to reach the issue upon which the appellate districts are split, i.e. whether post-conviction counsel may stand on a pro se petition that counsel knows to be frivolous. Right. Because of the facts of that case, because they determined that in that case, there were facts that showed that counsel did not know that the claim was legally frivolous. I understand. I'm just saying that they have left open that they don't have that question answered. My suggestion is paragraphs 28 and 29 lead us to the answer in this case, because it is so clearly known by everyone here that this was legally frivolous as to cause at the second stage. If an assistant public defender withdraws, does that mean the whole office withdraws? Does that mean your only choice is private counsel? That's my understanding as to the current situation or you proceed pro se, your honor. Yes. Okay. Well, if you can't get private counsel, which he likely cannot if he has a public defender, he's left pro se. How does that improve the situation? That is the Cooner process. And maybe there's something that was not communicated to post-conviction counsel. Maybe there was some... I mean, I'm not suggesting that it would have been improper for counsel to withdraw. I think we would all understand counsel withdrawing. And probably the result would have been the defendant was proceeding pro se. But choosing to stand on it and not amending it, you can't amend something to be frivolous. If it's frivolous and you can't make it non-frivolous, you can't amend, right? We know that. So lawyers got a tough situation. They could withdraw, but if they stand on it, I fail to see how there's anything wrong with that. I mean, yes, you can cite case law that says technically you were supposed to do this or that, but I think Hubbs said, look, we recognize this is a tough issue and we're not going to decide it yet. I wish they did, but they didn't. And it's hard to find fault, I guess, with counsel here. I think ultimately there were two different lawyers. If they withdraw, they leave the defendant certainly in no better position. What's the difference? It doesn't seem like there's... I just don't see any harm here. I don't see how... And I don't see what a reversal and a remand is going to do for you. Then what? He's going to be pro se. It's almost certain he's going to be pro se. And he's got a claim that you acknowledge is frivolous. So, you know, I mean, I sort of feel like we're just spinning our wheels here. Well, and if counsel provided reasonable assistance here by filing the Cooner motion, and I disagree, Your Honor, that I believe paragraphs Hubbs, 28 and 29, and the Illinois Supreme Court's precedent from Greer to Cooner to Urzula to Hubbs all make it clear that if a point of counsel knows that the conditions are apparently without merit or wholly frivolous, it's an ethical duty. And I don't... You cannot provide reasonable assistance and then be violating the rules of ethics. That just... Especially where we have binding Illinois Supreme Court case law on this subject in the exact same, you know, position, albeit I think in Cooner it was an original petition. Here we have a successive petition, but we're at the second stage here regardless, and it advanced on the merits in both cases. So in Cooner they said, to put it another way, if we are willing to say in Greer that a motion should include such explanations when the petition advances to stage two by default, we are now prepared to say that such a motion must include such explanations when the petition advances by affirmative judicial action. The only way here counsel could have provided reasonable assistance was to amend, and of course, as we identified, there's nothing that we can say that he should have amended in the record to, but the second aspect of it is to provide reasonable assistance. We need to provide that Cooner motion to provide this record for everyone so we know, okay, this is where we're at. This is what I've done. I've exhausted my ability ethically to present this petition. I cannot just stand on a frivolous petition. The Illinois Supreme Court has made that clear. You cannot stand ethically on a frivolous petition. Okay. Thank you, counsel. Thank you. Thank you, Your Honor. Okay. Now it's my turn. Okay. So I have a few questions. Is Greer still good law? Yes. Depending. Is it still good law? Yes. And under Greer, we know that an attorney can stand on the petition, does not have to amend, or he, she may withdraw. The Supreme Court in Huff said, we're not answering that question. There's a split. Some courts say the attorney can stand on it. Some courts say, no, a frivolous petition, you need to withdraw. Now, here are some of the uncontroverted facts in this case. The first judge in this case granted leave to file a successive petition. Now, you keep citing your Cooner case, and I will get to that. I want to know what you call a Cooner motion. But Cooner says definitively that when a court advances a successive petition, it has arguable merit. That's what's in Cooner. Okay. Now, we have a lawyer who now is before a judge, and that judge, and I do want to know the answer to this, that judge made two determinations, Judge Martin, I think it was. One, he said that he would review cause and prejudice, and that in his opinion, cause had not been established. Alternatively, the judge said, in the alternative, I'm going to dismiss this at the second stage because there has not been a showing of substantive deprivation of a constitutional right. Did the judge do that? Judge Martin, I mean, it's in his order. He took two stances. One, I'm revisiting cause, and I find that cause was not established. Two, in the alternative, I find that this petition does not make a showing of a substantial deprivation of constitutional rights at the second stage. That's what the judge did. Do you recall that? Your Honor, I'm looking at the dismissal order right now. Let me just make sure I'm looking at the right dismissal order. Okay. There was only one dismissal order. Yeah, because this is a success, and I want to make sure that works. You know what? Do you agree what Cooner says? That when a judge advances, and this wasn't the first time that that's been said, when a judge advances a successive PC to the second stage, that means that the petition has arguable merit. I mean, there's more than one case that says that. Okay, so this lawyer is now, he's at the second stage. He's the second PD. The first PD has already filed a 651. She doesn't, she hasn't, the motion to dismiss hasn't been filed, but she's complied with her duties. He doesn't have to do that again. Is that correct? He doesn't have to file a second 651, right? Yeah. All right. So he's got a judge already having found cause and prejudice. The first judge, and it's presumed that the judge, that there is arguable merit. So a lawyer is now in a position sort of between a rock and a hard place. But the fact of the matter is, is that a previous judge has made this finding. Now a second judge is actually going beyond that and saying, well, if there is cause and prejudice, okay, I'm going to still dismiss this at the second stage because the second stage requires more than that. It requires a substantive showing of a deprivation. So then the court dismissed it outright at the second stage. Now, this Urzua case tells us that it's never, never the lawyer who decides whether a petition is meritless, frivolous, or that there's cause and prejudice established. It's never the attorney that does that. Do you agree with that proposition of law? Is it in any of the cases? So in regards to that, I just want to clarify that. That at the end of the day, at the end of the day, it is not a lawyer who ever determines whether a petition, you know, initial petition is frivolous and patently without merit. Never the lawyer's job. It's always the judge. And in the cases subsequent to that, it always, the rule is that it is the court who decides whether or not cause and prejudice has been shown. Never, never, never the lawyer's ruling. I mean, those are principles. We've got a lot of principles at play here. And some of them are kind of contradictory. Because here, if Greer's still the law, the lawyer has the absolute right to stand on a petition or he or she may withdraw. There is no per se requirement that the lawyer withdraw. There's this other principle out there that a lawyer should not amend a frivolous petition to further it. Isn't that a general principle that's at play in this case? A lawyer's not supposed to amend a frivolous petition. But at the same time, the courts tell us, the Supreme Court, that the only one that decides whether something is frivolous at the end of the day is the judge. Can I interject here, Your Honor? Sure, sure. The difference between Greer and the procedure in Greer, because Greer was a 90-day violation, so there was in fact no determination on the merits, right? Right. Kooner, however, which is our case, did say that there was an advancement on the merits. And the import of Kooner, and there's a specific language here that I think will answer your question, Your Honor. In Kooner, it said, appointed counsel owes the trial court at least some explanation as to why, despite its superficial virtue, the pro se petition is in fact frivolous or patently without merit. And counsel owes this explanation with respect to each of the defendant's pro se claims. Or to put it another way, if we are willing to say in Greer that a to withdraw should include such explanations when the petition advances to the second stage by default, we are now prepared to say that such a motion must include such explanation when the petition advances to the second stage by affirmative judicial action. Okay, why don't you tell us what you you define as a Kooner motion? Kooner motion is a motion to withdraw where the petition has advanced on the merits whether we file as granted or met the gist of a constitutional claim at the first stage. And counsel, after analyzing the petition, looking at the relevant case law, discussing the case and facts with the petitioner, satisfying the 651c duties as well as reasonable assistance, determines that he cannot present a frivolous claim and then therefore must file a to withdraw because ethically under Uzoa and Hoppe and Kooner, the motion withdrawal must be filed because an attorney cannot present frivolous or patently without merit allegations. Okay, but we've got we've got this Kooner case. We've got Greer, which you you agree has not been overruled. It's inapplicable here. Greer is not Greer does not control here. Kooner does. Okay, Greer says, so you you're saying Greer is is completely inapplicable simply because that was the second stage without a finding of cause and prejudice. It was not in in in Greer is advanced without any judge reviewing the merits, whereas in our case it advanced on the merits. So when this judge in this instance found leave to file, it is presumed that he or she determined cause and prejudice. So the lawyer, the first lawyer files the certificate. The second lawyer is in a position of what? A judge has already found cause and prejudice and now this second judge actually does it in the alternative. He actually says, well, even if there was cause and prejudice, I find that there has not been a substantial showing of a deprivation. That's what his order says. So how do you explain? I'm sorry to interrupt, but I'm looking at the transcript right now on pages 1533 to 35. Okay. I don't see any I don't see any and that is my but there was no this is solely based on cause. The dismissal was solely based on cause, Your Honor. Did you ever do you have the written order in front of you? I can. Is that Judge Martin Anderson? I should have it here in just a second, Your Honor. All right. Yes, it's the page 748, correct, is what you're looking at? Well, what does it say? Does it make two findings? Probably sideways or something. Yeah, yeah, sorry. The way they have these in the e-record they apologize, Your Honor. Cause and prejudice, leave denied. Alternatively, petition dismissed at second stage. In either case, petition has failed to make a substantial showing or failed to show showing of cause. What else? He says something else is there. He said I'm dismissing it at the second stage because it hasn't it hasn't council hasn't shown a substantial violation of constitutional rights. Well, let's kind of let's kind of move on. Yeah, okay. Urzua, which is a case you've relied on, you know, says that it's the judge, not council, who decides whether a petition is meritless, not the attorney. Okay. And here we've got an attorney who has already had a judge find there's cause and prejudice. And in Urzua, the court pointed out that different counsel may differ in their opinions regarding the merits of the petition. Well, I don't think that the first attorney had a different opinion about this than the attorney who responded to the motion to dismiss. Do you? I mean, I don't think it's material, but I don't I don't see anything in the record, Your Honor, no. Well, under this Huff case, there the court determines a couple of things. They mentioned that there was no suggestion that there was something that could have been amended. You've done that in your brief, haven't you? You said that this was absolutely frivolous. Oh, regarding Huff. Everyone is presumed to know the law. Now, they pointed that out in Huff. I'm not sure if it was one of the particular cases the attorney knew or believed the petition was without merit. And some of the things they focused on were, well, the lawyer didn't really lay down on the job. He actually, he didn't file a written motion, but he argued against the motion to dismiss. Is that what happened here? Did the lawyer argue against the motion to dismiss? As to cause? No, Your Honor. He simply recited what Mr. Robinson had already put in his petition, stating, Judge, as Mr. Robinson describes in his petition, he's forthright with the court. He was not aware at an earlier time of this particular claim, and that was it. He did not respond. He did not make arguments in his argument in chief. He only commented on that when the court specifically identified that the state had raised this defense, that no cause had been met. And what's your response to that, My point is that the lawyer did not concede the motion. He did not say, Judge, grant the motion to dismiss. That was something that the Huff court pointed out, didn't they? Yes, Your Honor. And this here is distinguishable from Huff, because in Huff, they actually had some sort of legal support for the argument they were making. Here, everyone agrees that ignorance of the law cannot meet the second stage standard for a substantial showing of cause. When you say everyone agrees, the lawyer didn't concede that. He said, Judge, you know what, this petitioner was honest with you. He said he didn't learn of this until 2014. Okay, that's what he said. Then he went on to describe the prejudice. Do you recall what he did as far as the motion to dismiss? Did he answer it? Did he file a written motion? What did he do, that lawyer? That lawyer responded and only addressed the prejudice prong and made no attempt to address the cause argument. Okay, you know, I'm not sure that's how he responded. The way I read it was that he was operating under Strickland, and he said that the petition should be advanced because the pro se petitioner had alleged that the lawyer was ineffective. His representation was deficient, and he argued there was obvious prejudice. Do you remember that? That's what he responded. Yeah, it's in case 738 of 743 of the CLR, yes. Okay, so this is not a lawyer who isn't doing anything, and he actually filed a written response, and he argued the motion. And he's got a prior judge saying there was cause, and now this judge actually, at the end of the day, says, well, even if there is cause and prejudice, I'm still going to dismiss this at the second stage because I don't find a substantial denial of constitutional rights. I mean, you can reread it at your leisure, but now another judge is actually suggesting, well, even if there was cause and prejudice, I still will dismiss at the second stage because I do not find that there's been a showing of a substantial denial of constitutional rights. So you've got a lawyer who's getting the case, you know, the can has been kicked down the road for five years. He's got a prior judge saying cause and prejudice. We're presuming that that's then that there has been merit shown. We also know that a petitioner is not supposed to amend, doesn't have to, rather, not supposed to. A petitioner, a lawyer does not have to amend a pro se petition, and he shouldn't, he shouldn't amend one that's frivolous, but at the end of the day, he will never decide that, only the court will. So I think it's very difficult for us to that this lawyer, with all that is in front of him, acted unreasonably. I mean, he did what he could. And you're saying that even though Greer is still the law, that he had to withdraw. But that's not what Greer says, and the Supreme Court has told us they're not deciding that particular issue. In other words, a lawyer can do one of two things. He can either stand on a petition, doesn't have to amend it, and he shouldn't be amending it if it's frivolous, in his opinion, or he or she may withdraw. Now, there are a number of cases that say may means may, doesn't mean shall, doesn't mean a per se obligation. So if we decide this with Greer in place, I think that the lawyer does not have to withdraw. But you're saying that the lawyer has an ethical obligation. Are we now a court of review of the ethics of this particular attorney? Are we supposed to say he was unethical? Well, Your Honor, I believe Huff directs us in that direction. And specifically, it's citation to Erzo and Cooner, or it doesn't cite to Cooner, but it cites to Erzo and Greer. And Greer, appointed counsel, knows the conditions are patently without merit or wholly frivolous. He had counsel, that's the Illinois Supreme Court stating it. It's not me, it's not some lower court, the Illinois Supreme Court. Yeah, but the court has continually said that that is not the lawyer's job. The lawyer does not decide whether something is patently without merit or frivolous. The lawyer doesn't decide whether cause and prejudice has actually been established. That's something that the judges do. So at the end of the day, is the lawyer supposed to take on this new role that that person decides? Or do we leave it as it has been, and stated numerous times, that it is the court to decide what is frivolous. And that different attorneys may view things differently. But here we got two lawyers that both felt that the case, that they should stand on the petition. I don't know. I find it difficult to say this lawyer acted unreasonably. And even under Huff, he didn't lay down. He argued the motion, he filed a written motion, he argued Strickland. He argued that this particular petitioner was honest and said he didn't learn about it until 2014. And then it's filed in 2015. I mean, I don't know. I think there's too many rules at play here. And I don't know that Huff is the, you know, I mean, I think Huff says different lawyers can have different views. This lawyer was already under the impression that another judge had found cause and prejudice. He filed a written response to the motion, he argued the motion. And I don't see how we would say he was unreasonable. Yeah. And I see all of the problems you're identifying with this current reasonable assistance case law, Your Honor. I wish in Huff they just said, no, you have to file, you know, a motion to withdraw when appointed counsel knows that the contentions are patently without merit or wholly frivolous. They didn't say that, though. No, I know. I wish they had cleared that all up for us because that's clearly what this case is, is that where counsel knows that the cause is legally frivolous, he does have an ethical duty under all the case law that I've cited to withdraw. And you can't provide reasonable assistance and be violating your ethical duty to a court. Well, I understand your position, but at the same time, you know, Greer is still in place. And in the Huff case, they decided the lawyer wasn't or didn't know, there wasn't knowledge established because of the actions that that particular attorney took. One of them was filing a response to the motion to dismiss. There was something else that they pointed out. I'm at a loss right now. Do you recall what else they pointed out in Huff? Well, they said there was no way for this to be amended. And that the petitioner had not provided anything. So, here, you're asked, what about judicial economy? And what about the fact that you have acknowledged that this petition cannot be amended? It's frivolous. I'm sorry. I'm sorry. I apologize. You go ahead. Yeah. And I just want to say that as factually alleged now, obviously, it's frivolous. And that's the import of the motion to withdraw, the Cooner motion. And the reason in Huff that it's Greer and not Cooner, in Huff, it advanced on a 90-day violation, just like in Greer. And Greer is still good law. No one is debating whether Greer is still good law when a petition advances because of a procedural default. But when a petition advances on the merits, like in Cooner and our case, a motion to withdraw must be filed by counsel to provide ethical representation and explain to the court, no, your honor, you know, even though you judge the prima facie standard was met on the C&P, I cannot make a substantial showing because of XYZ. And Greer is because of cost. Well, that's all I have. You'll have time for rebuttal. And I apologize. Do either of the justices wish to ask further questions at this time? Could I ask one further question? Certainly. I think we've covered this pretty well. Mr. Bendick, I've been trying to put my finger on what is bothering me here, and I think maybe I can put it this way. It seems to me like it would be one thing if counsel below had acknowledged it was frivolous. So we had a record of this is what the lawyer thinks. But what makes me very uncomfortable is the idea of using hindsight and imputing it to a lawyer. I mean, think of all the cases that guys litigate from OSAD. And it's dismissed at the first stage as patently frivolous, and it goes up on appeal, and you argue it. Sometimes you don't. Sometimes you say, yeah, you know what, this really is frivolous. I'm going to file a Finley. But sometimes you don't. Often you don't. In some of these cases, probably many of them, yeah, it was frivolous, and we affirm. But does that mean that the lawyer at OSAD acted unethically by advancing a frivolous claim? We don't say that. We would never say that. What I personally think to myself when I get that very situation, it was found frivolous at the trial level. An OSAD lawyer presses the claim. I think it's frivolous, too. I don't think that lawyer was being unethical. I could try to find a little bit of lemonade out of that lemon. And what we're doing, what you're asking us to do here by analogy is the same thing, is saying first we are going to say it was frivolous, and therefore that means the lawyer below must have known it was frivolous, and therefore he acted unreasonably by not withdrawing. But he never said he found it frivolous. So it makes me uncomfortable that you're asking us to impute that determination because frivolous, look, I know this was a very shaky claim. We all know it. But two different lawyers will see things differently. So why should we impute that state of mind to a lawyer who never said that was a state of mind? I'm trying to best address your concerns here, Your Honor, in reading this as well. The state of post-conviction case law here is so muddied, and I think this court has actually an opportunity based on how clear-cut the cause here was non-meritorious and has been for 30 years. I don't think any attorney on appeal, if they got the same facts, right, would be able to argue, they would have to acknowledge controlling Illinois Supreme Court precedent, right? And they would have filed a Finley. And your court probably would have granted it. So, and we can't, and that's the whole point of like our Finley process is we can't ethically present something where there is clear-cut, crystal clear, controlling case law. Now, with the situation you're talking about where your court evident, you know, eventually finds that it was without arguable merit to meet the first-stage standard, that's a situation where there might be some argument. Here, there is no argument. Counsel provided unreasonable assistance by merely standing on that legally frivolous cause that can never meet the second stage. But I, if I would be particularly reluctant to frivolous when it passed the first stage. And we can, we can spend all day talking about what the first-stage post-conviction judge did. We don't have a transcript for some reason that I don't understand. I wish we did, but he advanced it. I think it was he advanced it. And so now you're the second-stage lawyer and you're going to say, yeah, no, I have a frivolous claim. I'm going to, what lawyers do that when they've already won? You know, the Illinois Supreme Court identified this exact situation in Cooner, Your Honor. And that's why Cooner controls. And it's paragraph 21 of Cooner that thoroughly explains the situation that we're in and why post-conviction counsel should have filed the Cooner motion to provide reasonable assistance. Because despite maybe, maybe there were some that that's why I like the legal file, you know, this very low bar, even though it's a, it's a higher bar than the normal first-stage bar, but it's still a low bar and only have to make a private basis showing it. This court just addressed kind of this situation of the different standards for a cause and prejudice between amnesia and substantial showing. And Cooner laid the, I think the court's hope was that Cooner would have laid the path a little bit easier for post-conviction counsels and to more often file these. And it's just not happening. And I think this court has an opportunity in this case to say, this is the proper process. This is what should happen when post-conviction counsel is presented with such a, it's just, there's no way you can make substantial showing based on what is currently alleged in the petition. It's just, it's not going to happen. Well, thank you, Mr. Bennett. You know, we have parameters. You're basically saying Greer doesn't apply at all because that case is limited to dismissals that didn't pass cause and prejudice. And I'm not sure Cooner really does that. And I think the Supreme Court in Hall did not put a caveat around Greer and say Greer, you know, when the petition is dismissed without finding a cause that we're in a new area. I don't think that they said that at all. Anyway, I think we certainly understand your arguments and there is a lot of different case law around this area. So with that, we'll give you some time for rebuttal. Now, Mr. Stump, you may proceed with your argument. Thank you, Your Honor. Once again, Assistant State's Attorney James Stump for the people state of Illinois. So assuming that the petitioner here was entitled to reasonable assistance under Rule 651C, the petitioner has failed to rebut the presumption of reasonable assistance created by the filing of post-commissioned counsel's Rule 651C certificate. And Huff is directly on point here. Here, just like in Huff, there was absolutely no showing in the record that post-conviction counsel knew the petitioner's claim was frivolous or without merit. To be clear, the counsel never informed the court that petitioners claim lacked merit. Rather, counsel here actually went beyond the actions taken by counsel in Huff by filing a response to the motion to dismiss and arguing in support of the motion to dismiss at the hearing. These actions, I would suggest, indicate that counsel, in fact, believed that the petition had at least some merit. And based on Huff and this court's numerous opinions since Huff, which have rejected similar unreasonable assistance claims, we would ask that petitioner's unreasonable assistance claims also be rejected. I know the petitioner on appeal is arguing that, unlike Huff and maybe some other cases that have come down since, that this is distinguishable on the grounds that the petition, I'm sorry, the motion to dismiss highlighted the failure to cause, yet counsel did not address this issue or respond to this issue or attempt to amend the petition. But as your honors indicated earlier, the Huff and dismiss highlighted the fact that the petition was untimely, not only timely, but barred by res judicata. Some other cases that have come down, I just like to bring this court's attention, the Mitchell case, which is a Rule 23 that we cited in our opening brief. The motion to dismiss highlighted also the fact that the petition was nine months too late. And the Buchanan case, which another Rule 23 we cited in our opening brief. The motion to dismiss highlighted the failure to establish a verification affidavit. In all of those circumstances, counsel did not address those issues and stood on the motion to dismiss. The Huff and dismiss highlighted the fact that the petition was frivolous and patently without merit. In all of those cases, because the record did not establish or did not show that counsel in fact knew the petition was frivolous and patently without merit, there was no showing of unreasonable assistance. And I just like to point out the burden here is on the petitioner. Again, counsel's actions at the hearing on the motion to dismiss and filing response to the motion to dismiss indicate that counsel believed that there potentially was at least some merit to this petition. For those reasons, Your Honor, and those we mentioned in our brief, we would ask that this court affirm the circuit court's dismissal plus striking of the successive petition. All right. Mrs. House, do you have questions? Oh. Do you have any questions, Justice House? He's saying no. He's shaking his head no. You're on mute. No, I don't. Okay. My only question, Mr. Stumpf, is so what should we say an attorney in this situation should do? Do we say they should withdraw? Do we say they may withdraw or stand on the pleadings? Or, you know, do we say standing on your pleadings is the right way? Like, what do you think that this opinion should look like in terms of what we tell future, you know, public defenders and other post-conviction counsel? Well, under the current state of the law, even assuming counsel did find it to be meritless, which, again, there's no indication on this record, but even this, you know, this court wants to say, assuming counsel did, under the current state of the law, counsel may stand on the petition. And as this court indicated, Huff did not decide this issue. There is a circuit split that has not been decided. You know, I think I would also have liked Huff to resolve this issue, but it didn't. It's just the fact of it. But I suppose I would ask this court to take the stand that counsel may withdraw or may stand on the petition. Okay. Thank you. That's all I have. What about the opposing counsel's suggestion that that everyone is presumed to know the law and that counsel himself should know the law or does know the law, that cause cannot be established in this case? Well, that kind of begs the question, can the judge, doesn't the judge have the discretion at this juncture to review cause himself? Absolutely, the judge does have discretion to review. Well, and that's what, the judge said there was no cause. But then he went on and gave us another decision. He said, well, if there was cause and prejudice, I would still dismiss this under the second stage because there hasn't been a substantial showing. Well, I don't have any questions. So with that, we will turn back to Mr. Bendick for a brief rebuttal. Thank you, Mr. Stumpf. And my brief rebuttal is just that Huff was very specific in saying under the particular facts of this case, we find it unnecessary to reach the issue that was, you know, the split exists on regarding this question of when we know the claim is frivolous, what should counsel do? And I think the Illinois Supreme Court, though, had they presented, you know, if they're presented with the facts of this case, I think the roadmap from Huff and Urzula and Cooner and Greer, because this case specifically advanced on the merits to the second stage, it is therefore incumbent upon post-conviction counsel to file that Cooner motion when there is such clear, and maybe this is the only type of cause or legally frivolous, so clear-cut that there is no debate, that there can be no argument that this could have been met. Maybe this is the outlier out there and the rest of these cases can be resolved as counsel suggests that there might be some sort of debate as to what could have gotten past the substantial showing. But here, and it's ironic that, you know, petitioner is being held to a higher standard than counsel here, presumably because of ignorance of the law is imputed to both my client and his counsel, but counsel can provide reasonable assistance where he just stands on the cause that can never meet the substantial showing raised by the petitioner that is then faulted for not raising this claim earlier. Do you have a question, Justice Ellis? I guess more of just a response. I think that, Mr. Benedict, I think that the point would be he would stand on the pleading because he can't make it any better. Like, he's given a bad case. He's given a cause that maybe he finds frivolous. I do agree. I don't know that we can leap to the conclusion that he knew it was frivolous, but he believed that, and I'm a little worried about starting down that road where we start putting, making decisions, you know, about the state of mind of an attorney when they didn't say that themselves. But putting that aside, if he does think it's frivolous and he stands on it because he can't amend it in good faith, he can't amend it. He has thought about it. He has looked at other ways to get to cause, and he can find no way to get there ethically, so he stands. I guess I just don't see why that is such a bad result. Well, and part of that ethical duty is also not to needlessly consume the time and energies of the court and the state by advancing frivolous arguments as well, Your Honor. And so, if he knows, and putting aside, as Your Honor says, to put aside, you know, whether we can import, you know, People v. Lander to counsel here that's been around for almost 30 years, if the point of counsel knows that petitioners' claims were frivolous and patently without merit, he has an ethical duty to withdraw and not waste the court's time. Yeah, but it's going to waste more time if he withdraws. I don't get the judicial economy argument. I think Justice McBride was touching on this, too. Like, I think it draws it out. It draws out the inevitable. I mean, 99 times out of 100, what's going to happen if he withdraws or she withdraws, the public defender, that is, is the defendant's now pro se, and now he's up there just trying to get to a result. It's just, that's one extra court hearing with the inevitably same result. You just don't see how that's helping judicial economy. And may I just address that real quickly, the judicial economy aspect? I think that then shorts, it would prevent us from, and as identified, this whole circuit split that we've spent so much time on, and then it wasn't resolved enough, right? If we announce here today that you've got to do this motion to withdraw, then we clean up the record for everyone on appeal. Everyone can then know and not be left guessing. Oh, was there something left to amend? Okay, if it's not, then the counsel know. Well, the case law is crystal clear that counsel should know that this is legally frivolous. And so, he obviously is not performing reasonably. He doesn't know it's legally frivolous. I want to call you on what you just said. If he doesn't know, he should know. Okay, that's not Hough. Okay, so we're not going to add to Hough. But I want to go back to something that I think is important to ask you. Now, you have said that this petition is frivolous and that it can't be amended. You've said it's frivolous. Haven't you agreed that this claim is frivolous because he, the defendant petitioner, knows he's bound to the law? And that is that because a paralegal told him he should, that's not, that is, ignorance of the law is not an excuse. Okay? So, is there any way that this petition, does he get to, how could he amend it? How could he amend this petition? This petition said, well, you know, my lawyer didn't tell me I could get 36 years, 48 years. He only told me that the most I could get was 15. And so, you know, I'm prejudiced, but he's, so how could this ever, ever, ever be amended? Should we be sending this back? Or should we just say the counsel wasn't unreasonable and this petitioner has the option of trying a second successive PC, which has been done. There have been seconds, thirds, fourths. Okay? But if this petition can never be amended, and that's really what you're saying, it can't be amended, why would we send it back? Well, I'll say, Your Honor, as currently, as the actual allegation in the petition, currently, it can never meet cause. That counsel, not counsel, the pro se litigant, once the Cooner motion is granted, comes up with, maybe there is, there has been some sort of lack of communication that we're not aware of. And that's why that Cooner motion is so critical, I think. But you're not really giving us anything here. This particular claim is, according to you, is, shows that he was told this in 2014, but he should, that he, his excuse is not cause. Ignorance of the law is never, ever cause. So how does this particular claim ever get amended in the trial court? Why would we be sending it back when you have acknowledged that this particular cause doesn't exist? So how does he get this ineffective assistance claim ever to be amended by anyone? I mean, that's, I think there's a real problem with that. I think that's why in Huff, they mentioned that fact. I think in some of the other cases, you know, that's why a lawyer can stand on, he can stand on a frivolous petition. But why would we send this back? Because you conceded that this particular claim does not have cause. And why doesn't the judge have the authority? No, I have to interject here that I've not conceded that there can never be cause. But as, again, we're stuck with the record on appeal, right? We can't go outside, I can't call up Mr. Robinson and say, interject to you. Oh, I learned this great cause by Mr. Robinson during my phone call. I obviously, I can't do that. I don't, you know, so that's why. If you can't come up with anything, how does that lawyer act unreasonably by standing on this? By not filing the Cooner motion or amending is why there's unreasonable assistance here. That's either amend or file Cooner motion. Make it clear for everyone on appeal and everyone in the circuit court what's going on, except we're just left to guess now why counsel stood on it. We aren't left to guess. There are two splits on this very issue. And the courts have gone one way and then other courts have gone another. So there is a way that we can move forward if we adopt one or the other. And if we adopt the one that says you can stand on the petition or withdraw, you may withdraw them, then we take that position. I just don't understand how we can do anything with this one when you're not suggesting that there's any way that any chooses to file later. That's a different story. But his ineffectiveness claim on this one seems to have been shut down. And I don't know how anyone could resurrect this particular claim. But you're suggesting let it go back, let another, let him proceed, let another lawyer proceed, and then let's have another judge say dismissed. When no one can give us or present us with something that could be done with this petition. That's the rub here. There is no way to amend this. The lawyer didn't amend it. And he's not supposed to amend it, you know, add allegations, what, to a frivolous petition. I mean, there's too much out there right now with the case law. I think that that's why we're all having this, you know, discussion. Right. And, you know, I don't want to take up any more. I mean, I know we've had a thorough argument. It's just I think what we need is that the cause element here, I mean, we're not talking about the actual substantive claim, because the substantive claim likely should have advanced to an evidentiary hearing, absent this insufficient cause. So if there is some sort of cause out there that we don't know about, that that's not in the record currently, but we all that could exist, there could be some explanation for beyond the paralegal excuse. The proper process there for reasonable assistance is to amend the petition or file the punitive motion. So we all know what's going on. So with that, Your Honor, I don't want to take up any more of this court's time. Thank you for the thorough. I mean, I know this is a very, very sticky issue for the courts. And again, thank you, counsel, for the argument as well. Thank you, Your Honors. Justice Howell, Justice Ellis, anything further? I don't have anything further, but I don't want to cut anyone else off. No, Justice Ellis? No, I'm fine. Thank you both. It's a good presentation. Thank you both. All right. Yes. Thank you both for a very complicated case. And the arguments were presented and the briefs were well written. So we thank you very much for that. And we will take this matter under advisement. So thank you both. Thank you, Your Honors. Thank you, counsel.